UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY D. PITTMAN,

        Plaintiff,

v.                                              Case No. 8:07-cv-1288-T-24TBM

PINELLAS COUNTY SHERIFF'S DEPARTMENT;
ATTORNEY LAURIE KAYE SWEET;
ATTORNEY JOHN EDWIN SWISHER;
ATTORNEY MARK LENNY MOHAMMED;
ATTORNEY CAROLYN VAN ZANT;
ATTORNEY JAMES WAYNE O'NEILL, JR.;
THE HONORABLE NANCY MOATE LEY,

        Defendants.

_____

O R D E R

This cause is before the Court on pro se prisoner Plaintiff Pittman's 42 U.S.C. § 1983 civil rights complaint. Pittman, who is a pre-trial detainee at the Pinellas County Jail, complains about the progress of the criminal case against him in Pinellas County, Florida.

Pittman is charged with felony assault on Billy R. Rogers, Jr. His complaint consists primarily of a description of the alleged ineffectiveness of the attorneys who have been appointed to represent him at various hearings during his incarceration at the Pinellas County Jail. He also complains that the Honorable Nancy Moate Ley "took it upon herself to get personally involved in my third (3rd) scheduled trial proceeding, September 6, 2006, which resulted in the denial of my due process rights to effective assistance of counsel . . ." Pittman's trial is set for August 2007.

Allegations Against the Pinellas County Sheriff's Department

Pittman claims that the Pinellas County Sheriff's Department failed to assist him in filing burglary and assault charges against the victim, Billy R. Rogers, Jr. Pittman does not

Dockets.Justia.com

provide any additional information and does not allege any facts to demonstrate that the Pinellas County Sheriff's Department violated his constitutional rights by failing to assist him in filing burglary and assault charges against Billy R. Rogers, Jr.

In addition, Pittman alleges that the Pinellas County Sheriff's Department tampered with his certified legal mail on April 3, 2007 and April 18, 2007.  However, Pittman does not explain how he was harmed by the alleged tampering or who in the Pinellas County Jail mail room allegedly tampered with the mail.[1]

As relief, Pittman "requests that the Court monitor the Circuit Court's actions, and assure him that he will be treated justly under the rights guaranteed him under the United States Constitution, and said Plaintiff be compensated as the Honorably [sic] court sees fit."

## DISCUSSION

A review of the applicable law and facts demonstrates that, for the following reasons, Pittman's complaint must be **DISMISSED.**

First, Pittman does not provide any facts to support his conclusory allegations against the Pinellas County Sheriff's Department. In civil rights cases more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Therefore, the allegations against the Pinellas County Sheriff's Department will be dismissed.

Second, Pittman seeks to have this Court monitor, and if necessary, intervene in his state criminal case.  However, federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971); *see also, Hicks v.*

---

[1]  Pursuant to Section XIV of the Pinellas County Sheriff's Office Detention and Corrections Bureau Inmate Handbook, legal mail shall be opened in the presence of the inmate to confirm that it is legal or privileged mail.

*Miranda*, 422 U.S. 332, 349 (1975).  The *Younger* court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.
> . . .
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate.  Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done.  The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
> . . .
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate.  Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.  Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger,* 401 U.S. at 45-46 (citations and quotations omitted).

The *Younger* abstention doctrine does not preclude all federal court involvement any time there may be state proceedings.  However, the doctrine does preclude involvement when the following conditions exist: a state judicial action is pending; the pending action implicates important state interests; and the state action is capable of addressing the federal constitutional question. *See Lee v. City of Rome, Ga.*, 866 F. Supp. 545, 549 (N.D. Ga. 1994) (*citing Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975)).

In the present case, Pittman has a state judicial action pending; the pending action implicates important state interests, and the state action is capable of addressing the federal constitutional question.

Accordingly, the Court orders:

1. That Pittman's complaint is dismissed.  The Clerk is directed to enter judgment against Pittman and to close this case.

2. That Pittman is assessed the $350.00 filing fee.  The Clerk is directed to send a copy of this order to Inmate Accounting at the Pinellas County Jail.  Inmate Accounting shall place a lien on Pittman's inmate account shall submit funds to this Court in accordance with 28 U.S.C. § 1915 as funds become available.

ORDERED at Tampa, Florida, on July 25, 2007.

SUSAN C. BUCKLEW
United States District Judge

Tracy D. Pittman